Samuel M. Gold, J.
Defendants move for dismissal of the first, second and third causes of action for legal insufficiency. The defendant corporation was organized to exploit an exclusive license covering patents owned by the plaintiff. The first cause of action asserted against the individual defendants is based upon a written agreement made between the plaintiff and those defendants. By that agreement the parties thereto provided who shall serve as officers and directors, the number thereof and for other matters pertaining to the management of the affairs of the corporation. It also provided that a further agreement shall be made by the plaintiff with the corporation granting to it an exclusive license under plaintiff’s patents and indi *975 cated what the provisions of that agreement were to be. The agreement in suit also provided that the parties engage in an additional stockholders’ agreement, specifying the provisions thereof, including the salaries to be fixed by the board of directors. In the first cause of action several breaches and defaults are charged to the individual defendants. Plaintiff alleges due performance of the agreement which must necessarily embrace the making of a license agreement with the corporation. While thus many breaches and defaults are set forth, the first cause must be deemed to seek the recovery of royalties, salaries and the share of profits. There is nothing in the agreement in suit imposing upon the individual defendants any liability with respect to those obligations. The agreement merely indicated what obligations were to be imposed upon the corporation by virtue of its relationship with the plaintiff affecting plaintiff’s patents. If plaintiff wishes to assert a cause for injury and damage incurred by reason of the breach of or default under any of the obligations imposed by the agreement in suit upon the individual defendants, it should be expressly and clearly set forth. The first cause is insufficient.
The second cause is asserted against the corporate defendant. It repeats the allegations of the first cause and adds that by virtue of those allegations plaintiff and the defendant corporation “were engaged at all times subsequent to January 15, 1958 as joint-venturers in a joint venture at will, to which plaintiff contributed his aforementioned inventions and his work, labor and services, and to which Dab-O-Matie contributed certain plant, equipment and capital”; plaintiff has an adequate remedy at law; and that by reason of the premises he is entitled to an accounting and to at least 50% of the profits of the joint venture. Apart from the fact that the agreement on which the first cause is based and the allegations of the first cause state expressly that plaintiff and the corporation are bound by express agreement, the terms of which are indicated, the additional allegations of the second cause are a non sequitur, lack factual allegation and are conclusory. The second cause is insufficient.
The third cause of action is asserted in the alternative against the corporate defendant only. It too repeats the allegations of the first cause and thereby alleges that plaintiff engaged in an agreement with the corporation. Nevertheless, plaintiff continues in the third cause and alleges that from January 15,1958 Dab-O-Matie manufactured and sold a stated amount of items embodying plaintiff’s inventions without payment of the fair and reasonable value for the privilege of what was in fact an exclusive license. To this point plaintiff has not yet alleged upon his agreement with the corporation. The additional allega *976 tions of the third cause may also tend to support a cause of action upon some theory, but it cannot be joined in a single cause with a demand for recovery upon an express agreement. Plaintiff may, indeed, allege against the corporation upon an express agreement which is in writing or oral, upon the theory of unjust enrichment or other theory of liability, but it should be explicit and clear. The third cause is insufficient.
With respect to the fourth cause of action, defendants move to strike out 24 paragraphs thereof. The fourth cause repeats the allegations of the first cause and adds that at the special instance and request of the corporate defendant plaintiff performed work, labor and services for it between January 15, 1958 and December 19, 1958 for a fair and reasonable value of a stated sum. Obviously, not all of the allegations of 26 paragraphs forming part of the first cause are relevant and material to a cause for services rendered.' Not all of the 24 paragraphs sought to be stricken are relevant. The court will not undertake to frame the pleading or to strike out practically what amounts to an entire cause. The fourth cause is not a clear and concise statement. It is dismissed.
Defendants seek additional relief against the fifth cause. Plaintiff is required to set out as to the contract mentioned in paragraph “ 40 ” whether it is oral or in writing. Since by the fifth cause against the corporation plaintiff seeks the recovery of royalties, salaries and profits pursuant to express agreement with it, the meaning and import of the allegations of paragraph “ 14 ” incorporated in paragraph “ 41 ” do not at all appear.
The motion is granted accordingly dismissing the first, second, third and fourth causes and requiring with respect to the fifth cause a more clear and definite statement of the allegations of paragraph “40” and of paragraph “ 14 ” as incorporated in paragraph “41”, as indicated. The balance of relief sought with respect to the fifth cause is denied. Let the amended complaint be served within 20 days from service of a copy of this order with notice of entry.